Green, J.
delivered the opinion of the court.
This action is founded upon a bill single, executed by Joseph D. Poison, C. D. Parrish, Alexander F. M’Kinney and B. S. Tappan to the plaintiff, for four hundred and fifty dollars. Parrish, M’Kinney and Tappan were the securities of their co-defendant, Poison, and the only question in the case is, whether the plaintiff received notice to sue from the securities, or either of them, and neglected for more than thirty *90 days thereafter to bring suit, whereby they are discharged the provisions of the act of 1801, ch. 18, sec. 1, (C. and 657,) The notice which was sent to the plaintiff by M’Kinney, one of the securities, is as follows: ‘«Mr. Wm. Gray: I wish you to collect the debt off pf Poison wherein I am security. 1st February, 1838. A. F. M’Kinney.” The court fold the jury that this was not such a notice as the statute requires.
We think the opinion of the circuit judge cprrect. The statute says it shall be lawful for any security to any bond, &c. to require, by notice in writing, of the creditor forthwith to put the bond, &c. in suit, and unless “the creditor so. required to put such bond, &c.” in suit, shall within thirty days thereafter commence an action on such bond, &c. he shall forfeit the right to demand of the security the amount due by such bond, &c.”
The notice before us in this case does not require the creditor to put the bond in suit, but simply expresses a wish that he would “collect” the debt. That the request to collect is not a requisition to sue is evident; and a party who seeks to be released from his written voluntary obligation to pay money by the mere force of the statute in his favor, must show that he has complied with the statute on his part. This is not done in this case, and we therefore affirm the judgment.